56 F.3d 69
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Herbert SPELLER, Appellant,
v.
STATE of Iowa, Appellee.
 No. 94-2486.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 16, 1994.
Filed: May 17, 1995.
 
 Before McMILLIAN, Circuit Judge, GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Herbert Speller appeals from a final order entered in the United States District Court[1] for the Northern District of Iowa denying his petition for habeas corpus relief. Speller v. Iowa, No. C92-0148 (N.D. Iowa May 25, 1994). For reversal, he argues that the district court erred in denying him relief because (1) the jury selection system improperly excluded African-Americans from the venire and the panel, (2) the state trial court's refusal to order the disclosure of an informant's identity violated his right to confront witnesses, (3) his confession should have been suppressed because the police made promises of assistance in exchange for it which rendered the confession involuntary, and (4) he was denied effective assistance of trial and appellate counsel because alibi witnesses were not called and certain issues were not preserved for subsequent appellate review. We affirm.
 
 
 2
 The facts are largely undisputed. Shortly after midnight on February 15, 1986, a man entered the Taco John's restaurant in Cedar Rapids, Iowa. He ordered coffee and then pulled out a handgun, jumped over the counter, and demanded money. The night supervisor, Catherine Dunek, took money from the cash register and gave it to the man. The man then threatened the employees and followed them outside the restaurant. Once outside, the employees ran to a nearby house and called the police.
 
 
 3
 Based on an anonymous tip, the police included a photograph of Speller in a photographic array. The police showed this array to the employees. Dunek positively identified Speller. Shortly thereafter, the police questioned Speller, who was already in police custody, apparently for reasons unrelated to the Taco John robbery. Speller confessed to committing the robbery.
 
 
 4
 The state charged Speller with first degree robbery. At his pretrial suppression hearing, Speller testified that the confession had been induced by police promises of leniency in connection with his bond and promises that he would not be incarcerated in the state penitentiary. His pretrial motions to suppress the confession and for disclosure of the identity of the informant were denied. At trial, Speller denied any involvement in the robbery and testified that on the night of the robbery, he had been in Illinois. Speller blamed the robbery on his brother Danny Adams.
 
 
 5
 Speller was found guilty of first degree robbery and possession of a firearm at the time of the offense. The state trial court sentenced him to 25 years imprisonment, with a minimum of 5 years before eligibility for parole. On direct appeal, Speller argued that the state trial court erred in denying his motion to disclose the identity of the informant and to suppress his confession. The state appellate court affirmed, and the state supreme court denied review.
 
 
 6
 In 1988, Speller filed his first application for post- conviction relief asserting: (1) a systematic exclusion of African-Americans from the jury panel, (2) juror misconduct (one juror was allegedly reading a book during trial), (3) denial of a juror request to view the photographic array, and (4) ineffective assistance of trial counsel for failure to object to these alleged errors and for failure to subpoena alibi witnesses. This application for post-conviction relief was dismissed for insufficient evidence on the juror misconduct claim and for failure to raise the remaining issues on direct appeal. The state appellate court affirmed. In 1990, Speller filed his second application for post-conviction relief asserting ineffective assistance of counsel in connection with the first application for post-conviction relief. The second application was dismissed; the state appellate court affirmed, and the state supreme court denied review.
 
 
 7
 Speller then filed this petition for habeas relief in federal district court. The petition was referred to a magistrate judge pursuant to 28 U.S.C. Sec. 636(b). The magistrate judge recommended denial of habeas relief. Speller v. Iowa, No. C92-0148 (N.D. Iowa Feb. 9, 1994) (Report and Recommendation). The magistrate judge concluded that many of the claims raised in Speller's federal habeas petition were procedurally defaulted. The magistrate judge reached the merits of four of Speller's claims: (1) failure to disclose the identity of the informant, (2) failure to suppress his confession, (3) lack of a fair cross-section of the community on the jury, and (4) ineffective assistance of trial counsel for failure to subpoena alibi witnesses. It is undisputed that claims
 
 
 8
 (1) and (2) were fairly presented to the state courts. However, for purposes of analysis only, the magistrate judge assumed that claims (3) and (4) were not procedurally defaulted because there was no merit to either of these claims. See Report and Recommendations, at 14-16. The district court adopted the report and recommendations of the magistrate judge in full. This appeal followed.
 
 
 9
 The magistrate judge's report and recommendation is a thorough and well-reasoned disposition of this matter. After careful review, we affirm the denial of habeas corpus relief for the reasons stated in the magistrate judge's report and recommendation, as adopted by the district court. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa, adopting the Report and Recommendation of the Honorable John A. Jarvey, Chief Magistrate Judge, United States District Court for the Northern District of Iowa